**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CALVIN LEE MARSHALL,
ADC #90207                                                                                          PLAINTIFF

V.                                          5:11-cv-00239-BSM-JTK

REVONNA WALKER, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

      The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   Introduction**

This matter is before the Court on the Defendants' Motions to Dismiss (Doc. Nos. 26, 30). Plaintiff filed a Response in opposition to the Motions (Doc. No. 34), Defendants filed a Reply (Doc. No. 35), and Plaintiff filed a Response to the Reply (Doc. No. 38).

Plaintiff is a state inmate incarcerated at the East Arkansas Regional Unit (EARU) of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging constitutional violations associated with his continued incarceration in administrative segregation and placement in a behavioral modification program at the Varner Super Max (VSM) Unit. Plaintiff asks for monetary and injunctive relief from the Defendants.

After reviewing Plaintiff's Complaint, Defendants' Motions and Plaintiff's Responses, the Court held a Hearing on February 9, 2012, to clarify the claims set forth in Plaintiff's Complaint. Based on the Plaintiff's testimony at the Hearing, the Court finds that he asserts the following claims for relief in his Complaint: 1) the VSM behavioral modification program is unconstitutional, as it punishes an inmate twice for the same negative behavior; 2) Plaintiff's placement in administrative segregation for nine years without meaningful reviews violated his due process and Eighth Amendment rights; 3) Defendants retaliated against Plaintiff by continuing him in the behavioral modification program because of the grievances and lawsuits Plaintiff filed against them; 4) Defendants violated Plaintiff's equal protection rights by treating him different from other inmates similarly-situated to him.

## II.     Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th

Cir. 2008).

### A. Defendants' Motions (Doc. Nos. 26, 30)

Defendants set forth the following arguments in support of their Motions: 1) Plaintiff sued them in their official capacities only, and therefore, his damages claims against them should be dismissed; 2) Plaintiff fails to state a claim against them for a due process violation because he did not have a liberty interest in the eighteen-month behavioral program; 3) Plaintiff's retaliatory disciplinary claims are defeated by the fact that he was actually convicted of the disciplinary charges and does not allege that they were overturned; 4) any claims pre-dating September 12, 2009 are barred by the three-year statute of limitations; and 5) Plaintiff's injunctive relief claims are moot, because he is no longer enrolled in the behavioral program or incarcerated at the VSM Unit.

### B. Plaintiff's Response (Doc. No. 56)

In his Response, Plaintiff states: 1) he is suing Defendants both in their individual and official capacities; 2) he has a liberty interest in the classification procedures and his confinement in administrative segregation for almost nine years constitutes an atypical and significant departure from the ordinary incidents of prison life; 3) the classification hearings conducted by Defendants were the same as disciplinary hearings and were not meaningful as required by due process; and 4) Defendants retaliated against him by continuing his confinement in administrative segregation because of his history of filing grievances and lawsuits.

**C.     Analysis**

    1.     Capacity

Initially, the Court finds that Defendants' Motion should be denied with respect to their capacity argument, since Plaintiff clarified in his Response that he is suing Defendants in their individual and official capacities.

    2.     Due Process

Although the due process clause does not provide an inmate with a liberty interest in remaining in the general prison population, a state may create liberty interests under certain circumstances which are protected by the due process clause. Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, the Court held that such interests are limited to freedom from restraint which imposes an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. Id. at 483-4. In Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003), the Court held that a "demotion to segregation, even without cause, is not itself an atypical and significant hardship." In determining what is atypical and significant, the courts look to the conditions of confinement in segregation, the length of time spent in segregation, and the effect, if any, on the duration of the prisoner's incarceration. Sandin, 515 U.S. at 486-7. After it is determined that a liberty interest exists, the court must also determine whether the appropriate due process was provided. Williams v. Hobbs, 662 F.3d 994, 1000 (8th Cir. 2011). In Williams, the Court looked to whether the periodic reviews of the inmate's long-term stay in administrative segregation were "meaningful." Id.

In this particular case, Plaintiff alleges in his Complaint that he has been incarcerated in administrative segregation for nine years, without meaningful reviews. He also claims, in his Response to the Motion, that he is confined in a cell for twenty-three hours per day with no job assignment, no school opportunities, no religious services or group counseling sessions. Plaintiff claims Defendants have not provided him with a clear reason for his continued confinement, and improperly continue to rely on an escape conviction from 1996, in violation of his due process rights. The Court finds that these allegations are sufficient to state a claim for relief pursuant to FED.R.CIV.P. 8. Therefore, the Defendants' Motion will be denied as to this claim.

      3.      Retaliation

Plaintiff also alleges that his continued confinement in administrative segregation is the result of retaliation by members of the classification committees, based on his history of filing grievances and lawsuits. Defendants' argument for dismissal of this claim is based on the assumption that Plaintiff alleges that they filed disciplinary charges against him in retaliation for the exercise of his constitutional rights. However, Plaintiff clarified in his Reply and his testimony at the hearing, that he is not arguing about his disciplinary charges and convictions, but rather, that Defendants retaliated against him by continuing to keep him incarcerated in administrative segregation.

In order to state a claim for retaliation, one must allege that he engaged in constitutionally protected activity and that defendants took adverse action against him in retaliation for that protected activity. Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007).

The Court finds that Plaintiff sufficiently states a claim for retaliation against Defendants, and therefore, the Motion will be denied on this point.

### 4. Behavioral Modification Program

Plaintiff also alleges that the behavioral modification program is unconstitutional, and that his involuntary assignment to the eighteen-month program, which lasted in excess of four years, violated his due process rights by keeping him incarcerated in conditions which were atypical and significant. While Defendants argue that the program does not implicate a liberty interest, they do not cite any Eighth Circuit case law in support of their argument, and the Court was unable to find such.[1] Therefore, at this juncture, the Court is reluctant to dismiss Plaintiff's claim.

### 5. Statute of Limitations

Defendants also state in their Motion that the three-year statute of limitations which applies to § 1983 actions bars any claims asserted by Plaintiff which occurred prior to September 12, 2009. However, since Plaintiff filed this action on September 12, 2011, this Court finds the statute would bar claims which occurred prior to September 12, **2008**, and not **2009**. The Court agrees with the Defendants, but finds that the statute does not bar Plaintiff's allegation that he has been housed continuously in ad seg for nine years without meaningful reviews, since he alleges this as a continuous violation.

---

[1] In Garrison v. Banks, No. 5:02cv00005JWC, 2005 WL 2234635 (E.D.Ark. 2005), an inmate challenged the publications restrictions of the VSM incentive level program. The Court found that the program did not violate the inmate's right to receive written materials. See also Proctor v. Toney, No. 5:01cv00195 (E.D.Ark. July 8, 2003), where the court found the program did not violate freedoms of religion and speech.

### 6. Injunctive Relief

Defendants also state Plaintiff's request for injunctive relief, in the form of his release from the behavioral modification program, should be dismissed as moot, since Plaintiff acknowledges in his Complaint that he is no longer incarcerated at the VSM, where the program is conducted. The Court agrees, but notes that Plaintiff's claim for injunctive relief in the form of release to general population should survive.

### 7. Other claims

Plaintiff sufficiently states a claim for denial of equal protection, alleging that he was treated different from other inmates similarly situated to him. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Defendants did not address this claim in their Motion.

Based on Plaintiff's testimony at the hearing, the Court finds that the remaining allegations in his Complaint are included as background facts to support his due process, retaliation, equal protection, and unconstitutional program claims. Therefore, pursuant to FED.R.CIV.P. 8 and Twombly, supra, 550 U.S. at 570, the Court finds that the due process, equal protection, retaliation, and unconstitutional program allegations are "sufficient to state a claim to relief that is plausible on its face," and that any remaining allegations do not support a claim for relief.

### III.   Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.	Defendants' Motions to Dismiss (Doc. Nos. 26, 30) be GRANTED IN PART, with respect to Plaintiff's claim for injunctive relief in the form of release from the behavioral modification program;

2.	Defendants' Motions to Dismiss (Doc. Nos. 26, 30) be GRANTED IN PART, with respect to specific incidents which occurred prior to September 12, 2008; and

3.	Defendants' Motions to Dismiss (Doc. Nos. 26, 30) be DENIED, with respect to Plaintiff's claims for denial of due process, retaliation, equal protection, and unconstitutional program.

IT IS SO RECOMMENDED this 13th day of February, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE