# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CALVIN LEE MARSHALL,                                                                PLAINTIFF
ADC #90207

v.                                    5:11-cv-00239-BSM-JTK

REVONNA WALKER, et al.                                                              DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 80). Defendants filed a Response in opposition to the Motion (Doc. No. 83).

In support of his Motion, Plaintiff states that after finding some of Defendants' responses to his discovery requests to be incomplete, he attempted to resolve the situation by writing them a letter identifying the deficiencies. He states Defendants have since failed to respond to his request for supplementation.

Defendants state, however, that although Plaintiff dated the letter sent to them on December 27, 2012, it was not mailed until January 17, 2013, **after** he signed and mailed the present Motion to Compel (Doc. No. 83-2, pp. 6-7). Therefore, Defendants state Plaintiff failed to comply with FED.R.CIV.P. 37.1, and his Motion should be denied.

The Court finds that Plaintiff failed to comply with Rule 37.1 by attempting to resolve the dispute prior to the filing of his Motion to Compel. At this time, however, the Court will address the disputes raised by Plaintiff and Defendants' response. The Court will not address any future motions to compel absent clear and convincing evidence of compliance with Rule 37.1.

    1.      Interrogatory No. 1[1] - Plaintiff asked whether Defendants' decisions to "revoke" an

---

[1] Plaintiff does not specifically address these in his Motion, but did raise them in his letter to Defendants.

1

inmate level is based on disciplinary findings of guilt. Defendants responded that the committee takes those findings into account but does not base their decisions solely on those findings. Defendants are uncertain about Plaintiff's objection to their response.

Since Plaintiff does not explain in his Motion why he objects to Defendants' response, and since it appears to the Court that Defendants adequately responded to the interrogatory, the Court will deny Plaintiff's Motion as to this request.

2. Interrogatory No. 3 - Plaintiff asked about an established written appeal process for inmates to appeal their initial assignment to the incentive level program and subsequent decisions with respect to promotions/demotions. Defendants responded in the affirmative, stating that an inmate may appeal such decisions to the Chief Deputy Director within fifteen days of receiving a copy of the decision.

Defendants appropriately responded to this interrogatory. Plaintiff's Motion is denied.

3. Interrogatory No. 4 - Plaintiff asked if days which are lost as a result of disciplinary convictions can be retrieved. Defendants responded that the behavior control program does not award days and that no procedure provides for altering a participant's level in the program.

Defendants appropriately responded to this interrogatory. Plaintiff's Motion is denied.

4. Interrogatory No. 5 - Plaintiff asked for the names, telephone numbers and addresses of the persons who wrote AD #08-41 and 08-87. Defendants responded that policies are reviewed and approved by the Policy Committee and Management Team, and thereafter identified the members of the team by name, work address and work telephone number.

Defendants appropriately responded to this interrogatory. Plaintiff's Motion is denied.

5. Production Request Nos. 1 and 2 - Plaintiff asked for a list of duties set forth in job descriptions or other documents and a copy of those documents. Defendants objected based on

2

security concerns. Plaintiff does not specifically address this request in his Motion, and did not indicate to Defendants his need for such information. Therefore, Plaintiff's Motion is denied.

6. Production Request No. 3 - Plaintiff asked for copies of Mental Health Regulation manuals, Handbooks, Protocols, and Post Orders governing the responsibilities of ADC mental health personnel. Defendants objected, based on the fact that they are not mental health personnel, and also as irrelevant, since Plaintiff's claim in this action pertains to his assignment to the incentive level program and not to his mental health treatment. Plaintiff states that such information is relevant to his claims, but does not include an explanation in his Motion. Therefore, the Motion is denied.

7. Production Request No. 4 - Plaintiff asked for copies of psychological/psychiatric assessments conducted on him while in segregation. Defendants objected, stating that inmates are not provided with copies of their mental health records, for security reasons. They also state that Plaintiff may submit a request to schedule an appointment to review his records and make appropriate notes. Plaintiff states that these documents will show that he does not pose a threat to the institution or others, but he does not state that he has not been able to review his records. The Court agrees with Defendants and finds the Motion should be denied.

8. Production Request No. 5 - Plaintiff asked for copies of classification manuals, handbooks, protocols, and post orders governing the responsibilities of ADC classification personnel. Defendants objected as overly burdensome, vague, ambiguous and irrelevant to Plaintiff's claims. They do, however, submit a list of ADC policies which are available for review in the prison law library, and attached copies of administrative directives which pertain to class promotion and status. They also state that Plaintiff has been provided with a copy of inmate handbooks regarding ADC incarceration and the incentive level program. Plaintiff does not explain

his need for all policies or explain how Defendants' response is inadequate. Therefore, his Motion is denied.

9. Production Request No. 6 - Plaintiff asked for written copies of Warden decisions concurring with the recommendations to retain him in segregation. Defendants provided typed versions of records reflecting classification committee review meetings. Plaintiff does not indicate why these records are insufficient, but Defendants agree to provide the identical hand-written records. Therefore, the Motion is denied.

10. Request for Production No. 7 - Plaintiff asked for copies of the classification committee action sheets and segregation review results from June, 2002, until August, 2005. Defendants provided documents in response to this request and Plaintiff does not indicate why their response is inadequate. Therefore, the Motion is denied.

11. Request for Production No. 8 - Plaintiff asked for a list of the number of inmates released from segregation within the past twenty-four years with the same or similar disciplinary infractions as Plaintiff. Defendants object as overly broad, burdensome and irrelevant to Plaintiff's claim that they unconstitutionally prohibited visitation privileges with his wife. They also state the ADC does not maintain statistical records in the manner requested by Plaintiff, and should not be required to review individual records for each inmate over the past twenty-four years. Plaintiff does not explain his need for such information, and therefore, his Motion is denied.

12. Request for Production No. 9 - Plaintiff asked for the number of inmates who were permitted out-of-cell job assignments, permitted to visit the gym and yard call, and participate in group counseling sessions after achieving incentive level 4. Defendants object on the same basis as the previous request. Plaintiff provides no explanation and therefore, his Motion is denied.

13. Request for Production No. 10 - Plaintiff asked for a list of names of inmates who

returned to general population after completing the incentive level program. Defendants again object for the same reasons as in request number 8, and also for security reasons. Plaintiff provides no further explanation for such information and his Motion is denied.

14. Request for Production No. 11 - Plaintiff asked for the number of inmates who are currently class status 4 and housed in general population at several ADC units. Defendants responded by providing such information; therefore, Plaintiff's Motion is denied. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel (Doc. No. 80) is DENIED.

IT IS SO ORDERED this 7th day of February, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE